UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X
: 
OLGUER HOMERO LAGUA RIVERA,                    :
:
                        Petitioner,            :
         -v-                                   :        26-CV-4420
                                               :        **ORDER TO SHOW**
TODD BLANCHE, *in his official capacity as*    :        **CAUSE**
*Attorney General of the United States*, KENNETH :
GENALO, *in his official capacity as Field Office* :
*Director, New York Field Office, U.S. Immigration* :
*& Customs Enforcement*, DAVID VENTURELLA,     :
*in his official capacity as Acting Director, U.S.* :
*Immigration and Customs Enforcement*,         :
MARKWAYNE MULLIN, *in his official capacity*   X
*as Secretary of the Department of Homeland*
*Security*, RAUL MALDONADO JR., in his official
capacity as Warden of the Metropolitan Detention
Center (MDC) in Brooklyn Facility,

                        Respondents.

----------------------------------------------------------------------
**NINA R. MORRISON**, United States District Judge:

This case has been assigned to the undersigned for all purposes.

*First,* **counsel for Respondents shall promptly enter an appearance on the Electronic Case Filing System** to ensure timely receipt and compliance with all filings and court orders as the case proceeds.

*Second*, Respondents shall submit a letter by Thursday, July 23, 2026 at 4:00PM outlining the legal authority that justified Petitioner's detention when he was taken into custody on June 30, 2026 and his continued detention at this time, and indicating whether they believe a hearing in this matter is necessary. In the letter, Respondents should address:

1

(1) Petitioner's A-number, current place of detention, and a contact person who can facilitate counsel's access to Petitioner;

(2) the statutory provision(s) under which Respondents assert the authority to detain Petitioner;

(3) if Respondents assert the authority to detain Petitioner under 8 U.S.C. § 1225(b)(2), whether Respondents take the position that Petitioner's detention accords with the statutory and constitutional requirements set forth in the Second Circuit's decision in *Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026). If Respondents agree that the Second Circuit's analysis in *Cunha* governs the issues presented in this Petition, the submission may take the form of a letter so stating, and indicating whether Respondents still oppose issuance of the writ, without waiving any right Respondents may have to seek further review if *Cunha* is reversed or modified by the Second Circuit *en banc* or by the United States Supreme Court;

(4) if Respondents assert the authority to detain Petitioner under a different provision, any record(s) documenting the invocation of that authority at the time that Petitioner was detained. *See Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 21 (2020) (holding that an agency cannot justify its action based on "impermissible '*post hoc* rationalization'" (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)));

(5) if the detention authority is asserted under 8 U.S.C. § 1226(a), whether there is any basis to distinguish the asserted grounds for detention in this case from

this Court's decision in *H.A.C.F. v. Francis*, No. 26-CV-00872 (NRM), 2026 WL 482607 (E.D.N.Y. Feb. 20, 2026). Specifically, if authority is asserted under § 1226(a), the submission shall state whether Petitioner was provided, prior to detention, an individualized custody determination based on his risk of flight or potential dangerousness, and shall include all relevant records documenting such process. *See Inestroza Carbajal v. Frazier*, No. 26-CV-2778 (SJB), 2026 WL 1309265, at *2 (E.D.N.Y. May 12, 2026); *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 316–17 (E.D.N.Y. 2025); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 492–93 (S.D.N.Y. 2025); *Tumba v. Francis*, 813 F. Supp. 3d 394, 404 (S.D.N.Y. 2025). Respondents are reminded that, as this Court held in *H.A.C.F.*, any post-deprivation hearing or process may not cure the failure to provide the requisite individualized determination prior to detention. *See H.A.C.F.*, 2026 WL 482607, at *3; *see also Inestroza Carbajal*, 2026 WL 1309265, at *2; *Sidqui v. Almodovar,* No. 25-CV-9349 (VSB), 2026 WL 251929, at *17 (S.D.N.Y. Jan. 30, 2026); *Chipantiza-Sisalema v. Francis*, No. 25-CV-5528 (AT), 2025 WL 1927931, at *3 (S.D.N.Y. July 13, 2025); *O.F.B. v. Maldonado*, 810 F. Supp. 3d 394, 405 (E.D.N.Y. 2025). If there is no basis to distinguish this Petition from the Court's analysis in *H.A.C.F.* or these other cited authorities, the submission may similarly take the form of a letter so stating, and indicating whether Respondents have any other grounds to oppose issuance of the writ, subject to preservation of Respondents' arguments for appeal;

3

(6) a copy of any final order of removal for this Petitioner; and

(7) any other documentation or exhibits regarding the procedural posture of any pending Department of Homeland Security or Executive Office for Immigration Review proceedings concerning this Petitioner.

If Respondents take the position that the outcome of this Petition is materially distinguishable from the above cited decisions, Respondents are further ordered to show cause in writing no later than Monday, July 27, 2026 at 5:00PM as to why the Petition should not be granted.  In their submission, Respondents shall affirm that they have provided the Court with all facts material to Petitioner's claims and Respondents' opposition to the Petition, and shall attach as exhibits all records related to those facts.    The Court will then schedule further briefing and/or other proceedings, if necessary.

**SO ORDERED.**

Dated:     July 22, 2026                   */s/ Nina R. Morrison*
           Brooklyn, New York              Nina R. Morrison
                                           United States District Judge

4