UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

OLGUER HOMERO LAGUA RIVERA,

                    Petitioner,

       v.

TODD BLANCHE, *in his official capacity as Attorney General of the United States,* KENNETH GENALO, *in his official capacity as Field Office Director, New York Field Office, U.S. Immigration & Customs Enforcement,* DAVID VENTURELLA, *in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement,* MARKWAYNE MULLIN, *in his official capacity as Secretary of the Department of Homeland Security,* RAUL MALDONADO JR., in his official capacity as Warden of the Metropolitan Detention Center (MDC) in Brooklyn Facility,

                  Respondents.

TEMPORARY RESTRAINING ORDER
26-CV-04420 (NRM)

NINA R. MORRISON, United States District Judge:

Petitioner Olguer Homero Lagua Rivera is a 38-year-old citizen of Ecuador who entered the United States on December 6, 2021. On June 30, 2026, Petitioner was detained in New York by Immigration and Customs Enforcement ("ICE") while walking home to his residence in Ridgewood, New York. He is presently detained at the Metropolitan Detention Center ("MDC") in Brooklyn, New York.

On July 22, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus (the "Petition"), ECF No. 1, alleging that his detention violates his constitutional and statutory rights, and seeking entry of an order directing his immediate release from

1

detention.

The case was assigned to the undersigned on July 22, 2026, at which time the Court issued an Order, ECF No. 4, directing Respondents to file, by 4:00PM on July 23, 2026, a submission (1) providing certain information about Petitioner and his circumstances, (2) indicating the statutory provision under which they assert the authority to detain Petitioner, and (3) addressing whether there is any basis to distinguish the asserted grounds for detention from the Second Circuit's decision in *Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), or from this Court's decision in *H.A.C.F. v. Francis*, No. 26-CV-00872 (NRM), 2026 WL 482607 (E.D.N.Y. Feb. 20, 2026).

The Court further directed that, if Respondents asserted no basis to distinguish this Petition from those cases, the submission could take the form of a letter so stating, and indicating whether Respondents oppose issuance of the writ, subject to preservation of Respondents' arguments for appeal. Finally, the Court's July 22, 2026 Order directed Respondents, in the event they took the position that this case is distinguishable from those cases, to respond to the Petition and to show cause as to why it should not be granted on or before July 27, 2026 at 5:00PM; to further affirm that they have provided the Court with all facts material to Petitioner's claims and Respondents' opposition to those claims; and to attach all exhibits related to those three facts.

Respondents filed their initial submission on July 23, 2026, indicating that Petitioner was initially detained by ICE pursuant to § 1226(a). They attached a number of documents, including a Notice to Appear, various forms regarding

Petitioner's detention decision, and an order of an Immigration Judge denying custody redetermination under 8 C.F.R. § 1236. However, Respondents did not, as directed in the Court's July 22, 2026 Order, explain "whether there is any basis to distinguish the asserted grounds for detention in this case from" this Court's decision in *H.A.C.F. v. Francis*, No. 26-CV-00872 (NRM), 2026 WL 482607 (E.D.N.Y. Feb. 20, 2026), *amended on reconsideration in part*, No. 26-CV-00872 (NRM), 2026 WL 861152 (E.D.N.Y. Mar. 30, 2026), nor did they "state whether Petitioner was provided, prior to detention, an individualized custody determination." Order to Show Cause at 1–2, ECF No. 4.

The Court is not yet prepared to make a final ruling on the merits of the Petition. However, upon review of the Petition as well as Respondents' submission, the Court finds that Petitioner has sufficiently demonstrated that he is likely to succeed on the merits of his claim that his detention was unlawful, and that he would suffer irreparable harm if temporary relief was not granted. For the reasons that follow, the Court hereby issues a **TEMPORARY RESTRAINING ORDER** directing Respondents to release Petitioner from custody and enjoining Respondents from re-detaining Petitioner while the terms of this Order otherwise remain in effect and the Court considers the merits of the underlying Petition.

Under Second Circuit law, a temporary restraining order is appropriate when a party can demonstrate: "(1) irreparable harm in the absence of an injunction pending resolution of the action; (2) either a likelihood of success on the merits OR both serious questions on the merits and a balance of hardships decidedly favoring

the moving party; and (3) that the emergency relief is in the public interest." *Iza v. Larocco*, No. 25-CV-6915 (NJC), 2025 WL 3712274, at *3 (E.D.N.Y. Dec. 22, 2025) (citing *Nat'l Am. Soccer League, LLC v. U.S. Soccer Fed'n*, 883 F.3d 32, 37 (2d Cir. 2018)). "The movant must also show that the balance of equities supports the issuance of an injunction [or temporary restraining order]." *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 280 (2d Cir.), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021); *see also Fed. Defs. of N.Y., Inc. v. Fed. Bureau of Prisons*, 416 F. Supp. 3d 249, 251 (E.D.N.Y. 2019) ("The standards for a preliminary injunction and temporary restraining order are identical."). "When the government is a party to the suit, [a court's] inquiries into the public interest and the balance of the equities merge." *We The Patriots USA*, 17 F.4th at 295 (citing *New York v. U.S. Dep't of Homeland Sec.*, 969 F.3d 42, 58–59 (2d Cir. 2020)).

The Court here finds that Petitioner is likely to succeed on the merits of Petitioner's claim that his detention violated his constitutional and statutory rights. Respondents assert that Petitioner was detained under 8 U.S.C. § 1226(a). Detention under § 1226(a) must satisfy the constitutional guarantees of the Due Process Clause. *See, e.g., Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020) (noting that "the most significant liberty interest" recognized under the Constitution is "the interest in being free from imprisonment"). As this Court underscored in *Hyppolite v Noem*, 808 F. Supp. 3d 474 (E.D.N.Y. 2025), "[s]pecifically, § 1226(a)'s implementing regulations require an individualized determination as to whether the detention of a noncitizen is appropriate after considering whether the noncitizen (1) is a 'danger to property or

persons' and (2) is 'likely to appear for any future proceeding.'" *Id.* at 491; *see also Artiga v. Genalo*, No. 25 CV 5208 (OEM), 2025 WL 2829434, at *8–9 (E.D.N.Y. Oct. 5, 2025); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 493–95 (S.D.N.Y. Aug. 13, 2025); *Salcedo Aceros v. Kaiser*, No. 25 CV 06924 (EMC), 2025 WL 2637503, at *12 (N.D. Cal. Sep. 12, 2025).

As noted above, Respondents did not respond to the portion of the Court's Order directing them to state whether they take the position that this case is distinguishable from *H.A.C.F.* and if so, how; they also did not respond to the portion of the Court's order directing them to indicate what process was provided to Petitioner prior to his arrest and detention. Respondents attach a number of documents indicating that at some point, a custody determination was made by ICE officials, but these forms contain very little information, and without further explanation, do not constitute credible evidence that ICE met the requirements of § 1226(a) and provided Petitioner with the proper process prior to his detention. *See* Resp't Ltr. Exs. 4, 5, 6, ECF No. 5.

For example, while these documents indicate that Petitioner was arrested on June 30, 2026, many of the fields appear to have been filled out on July 12, 2026, well after Petitioner's detention. *See* Resp't Ltr. Ex. 5 at 16–17. Additionally, the page detailing why the agency concluded that Petitioner is a flight risk is marked as signed at 10:08PM on June 30, *see* Resp't Ltr. Ex. 5 at 17, despite documentation indicating that Petitioner was placed under arrest at 6:20PM, then processed at 26 Federal Plaza at 8:00PM, *see* Resp't Ltr. Ex. 11 at 30. Finally, there is no evidence that

Petitioner received a bond hearing before an Immigration Judge at any time, let alone prior to his detention, which this Court held is required for persons detained under § 1226(a) as a matter of due process. *See Hyppolite*, 808 F. Supp. 3d at 493.

Although Respondents did not address this in their July 23 submission, the Court does note that it appears from the Petition and the exhibits appended to Respondents' submission that an Immigration Judge subsequently denied Petitioner's request for bond, first on July 7, 2026 based on a jurisdictional issue, *see* Pet. Ex. B, and on Jul 15, 2026 based on a finding that he failed to establish that he was not a danger to the community or a flight risk, *see* Pet. Ex. C. However, there is no indication in these exhibits that either determination was accompanied by a hearing, and counsel for Respondents does not represent as much. And both of these determinations took place after Petitioner had already been detained for over one week. As this Court and others have held, § 1226(a) and the Due Process Clause requires that noncitizens be given notice and an opportunity to be heard *prior* to detention. *See Hyppolite*, 808 F. Supp. 3d at 491–94; *H.A.C.F. v. Francis*, No. 26-CV-00872 (NRM), 2026 WL 482607, at *3 (E.D.N.Y. Feb. 20, 2026), *amended on reconsideration in part*, No. 26-CV-00872 (NRM), 2026 WL 861152 (E.D.N.Y. Mar. 30, 2026); *Chipantiza-Sisalema v. Francis*, No. 25-CV-5528 (AT), 2025 WL 1927931, at *3 (S.D.N.Y. July 13, 2025) (holding that a "custody redetermination hearing" is "no substitute for the requirement that ICE engage in a 'deliberative process prior to, or contemporaneous with,' the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause" (internal quotation omitted)); *Tumba v.*

*Francis*, 813 F. Supp. 3d 394, 406 (S.D.N.Y. 2025) (noting that "the Government's violation of Petitioner's constitutional rights originated with her detention in the first instance," and that "a [post-deprivation] bond hearing could not cure that constitutional violation"); *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 319–20 (E.D.N.Y. 2025); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 494–95 (S.D.N.Y. 2025); *Singh v. Maldonado*, No. 26-CV-00019 (OEM), 2026 WL 233216, at *8–10 (E.D.N.Y. Jan. 29, 2026); *O.F.B. v. Maldonado*, 810 F. Supp. 3d 394, 405 (E.D.N.Y. 2025); *Sidqui v. Almodovar*, No. 25-CV-9349 (VSB), 2026 WL 251929, at *17 (S.D.N.Y. Jan. 30, 2026).

Accordingly, the Court finds that Petitioner has sufficiently shown a likelihood of success in establishing that his detention violates his Fifth Amendment right to procedural due process, because Petitioner has resided in the United States for nearly five years and was entitled to an individualized, pre-detention bond hearing under the Immigration and Nationality Act, 8 U.S.C. § 1226(a).

The Court further finds a strong likelihood of irreparable harm if Petitioner is not released from his current detention. "There is no question that detention causes irreparable harm: indeed, every minute that someone is unlawfully denied freedom results in an injury that really can never be remedied." *Iza*, 2025 WL 3712274, at *8 (quoting *Alvarez Ortiz v. Freden*, 808 F. Supp. 3d 579, 595–96 (W.D.N.Y. 2025)). Additionally, Petitioner asserts that his detention violates his constitutional rights. Pet. at 15–21. The constitutional aspect of his claims increases the likelihood that he faces irreparable harm if not released from his current detention. *See Jolly v.*

*Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996) (holding that a district court's finding that a plaintiff is "substantially likely to demonstrate a violation" of constitutional rights "serve[s] as an independent basis for the [] conclusion that the plaintiff would suffer irreparable harm in the absence of preliminary injunctive relief").

Finally, the Court has weighed the factors under *Mathews v. Eldridge*, 424 U.S. 319 (1976), which sets forth the test that courts in the Second Circuit will apply when determining "the adequacy of process in the context of civil immigration confinement." *Munoz Materano v. Artera*, No. 25 CV 6137, 2025 WL 2630826, at *12 (S.D.N.Y., Sep. 12, 2025). Having considered (1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation of that interest through the procedures used; and (3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail, *see Mathews*, 424 U.S. at 335, the Court finds that the balance of interests weighs heavily in favor of Petitioner's immediate release from detention. In weighing these interests, the Court notes that Petitioner is married, has lived in the United States since 2021, and has no history of criminal conduct. The Court likewise finds that the public interest weighs in favor of this Temporary Restraining Order. *See We The Patriots*, 17 F.4th at 295; *Iza*, 2025 WL 3712274, at *8 ("Freedom from unlawful detention is undoubtedly within the public's interest.").

It is hereby:

**ORDERED**, that Respondents must release Petitioner from custody no later than **2:00PM on July 24, 2026**. Respondents, through counsel, shall file a letter on

the docket no later than **5:00PM on July 24, 2026**, confirming that Petitioner has been released from custody, and shall send a courtesy copy of that letter by electronic mail to morrison_chambers@nyed.uscourts.gov and to Petitioner's counsel at the email address listed in the Petition.

Respondents are **ENJOINED** from re-detaining Petitioner, absent prior authorization of this Court, while the terms of this Order otherwise remain in effect and the Court considers the merits of the underlying Petition.

Further, the Court **vacates** the portion of its July 22, 2026 Order to Show Cause directing Respondents to show cause in writing by July 27, 2026. Instead, in light of this Temporary Restraining Order, the parties shall make submissions in accordance with the following: Respondents **shall show cause in writing no later than 5:00PM on July 29, 2026**, as to (1) why the Court should not issue a preliminary injunction enjoining Respondents from re-detaining Petitioner during the pendency of this Court's consideration of the Petition and (2) why the Petition for a writ of habeas corpus should not be granted. **Petitioner may file a reply on or before 5:00PM on August 5, 2026**.

The parties are also free to confer and propose an alternative briefing schedule that affords them further time to prepare and file their respective submissions on the merits, provided that the parties jointly consent to an extension of the temporary relief granted in this Order pending further proceedings, with whatever conditions they agree may be reasonable and necessary to ensure Petitioner's return to court.

As an alternative to the above, Respondents may instead file a letter on the

docket on or before **July 29, 2026**, indicating that they no longer seek to contest the relief sought in the writ and agree not to re-detain Petitioner absent compliance with § 1226(a), unless they obtain prior leave of this Court to do so, while still preserving their right to appeal or to seek a modification of this order in the event there is an intervening change in law or a material change in factual circumstances.

The foregoing **Temporary Restraining Order** shall expire on **August 6, 2026 at 6:00PM** unless it is extended by further Order of this Court for good cause shown or otherwise. *See* Fed. R. Civ. P. 65(b)(2).

**SO ORDERED.**

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: July 23, 2026 at 6:30PM
Brooklyn, New York