UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLGUER HOMERO LAGUA RIVERA,<br><br>Petitioner,<br>v.<br><br>TODD BLANCHE, *in his official capacity as Attorney General of the United States*; KENNETH GENALO, *in his official capacity as Field Office Director, New York Field Office, U.S. Immigration & Customs Enforcement*; DAVID VENTURELLA, *in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement*; MARKWAYNE MULLIN, *in his official capacity as Secretary of the Department of Homeland Security*; RAUL MALDONADO JR., *in his official capacity as Warden of the Metropolitan Detention Center (MDC) in Brooklyn Facility*,<br><br>Respondents. | ORDER CONVERTING TEMPORARY RESTRAINING ORDER INTO A PRELIMINARY INJUNCTION<br>26-CV-04420 (NRM) |

NINA R. MORRISON, United States District Judge:

Petitioner Olguer Homero Lagua Rivera is a 39-year-old citizen of Ecuador who entered the United States on December 6, 2021. On June 30, 2026, Petitioner was detained in New York by Immigration and Customs Enforcement ("ICE") while walking home to his residence in Ridgewood, New York, and was detained at the Metropolitan Detention Center ("MDC") in Brooklyn, New York.

On July 22, 2026, Petitioner filed the instant Petition for a Writ of Habeas Corpus (the "Petition"), ECF No. 1. The Court directed Respondents to file an initial submission providing, *inter alia*, the statutory provision under which they asserted

the authority to detain Petitioner and any explanation as to whether the case was distinguishable from this Court's decision in *H.A.C.F. v. Francis*, No. 26-CV-00872 (NRM), 2026 WL 482607 (E.D.N.Y. Feb. 20, 2026), *amended on reconsideration in part*, 2026 WL 861152 (E.D.N.Y. Mar. 30, 2026). On July 23, 2026, Respondents filed a letter indicating that Petitioner was originally arrested and detained pursuant to 8 U.S.C. § 1226(a), but that Petitioner was now detained pursuant to 8 U.S.C. § 1231. ECF No. 5 at 1. [1]

Respondents did not respond to the portion of the Court's Order to Show Cause directing them to address whether the case was distinguishable from *H.A.C.F.*, and if so, how; they also did not respond to the portion of the Court's order directing them to indicate what process was provided to Petitioner prior to his arrest. The Court then entered a Temporary Restraining Order ("TRO") directing Respondents to release Petitioner and enjoining Respondents from re-detaining Petitioner pending the Court's further consideration of the merits of the Petition.[2] ECF No. 6 at 9. The Court also ordered the parties to file further briefing explaining why the Petition should or should not be granted. *See id.*

On July 29, 2026, Respondents filed a supplemental letter submission in which they asserted that Petitioner was properly subject to detention under § 1231, notwithstanding any potential deficiencies with his initial arrest under § 1226(a).

---

[1] Unless otherwise indicated, all page references use the pagination generated by the Electronic Case Filing System.

[2] That TRO was extended for good cause on August 6, 2026. ECF No. 11.

ECF No. 9 at 1–2. As Respondents noted, an Immigration Judge ("IJ") issued an order of removal for Petitioner on July 15, 2026, fifteen days after Petitioner's arrest. *See* ECF No. 5 at 1, 5–6. Because Petitioner's then-counsel originally stated to the IJ that Petitioner had decided to waive his right to appeal, Respondents argued that the IJ's removal order became administratively final immediately upon issuance. ECF No. 9 at 1–2; *see id.* at 12; 8 C.F.R. § 1003.39. As such, Respondents' position was that the 90-day mandatory detention period under § 1231(a) had commenced starting on July 15, 2026, and that Petitioner was properly detained pursuant to that provision. *See Dzhabrailov v. Decker*, No. 20-CV-3118 (PMH), 2020 WL 2731966, at *5 (S.D.N.Y. May 26, 2020); 8 U.S.C. § 1231(a)(1)(B) (defining the beginning of the removal period as "[t]he date the order of removal becomes administratively final").

However, on August 5, 2026, Petitioner (now represented by different counsel than when he appeared before the IJ) filed a response to Respondents' submission, arguing that § 1231 was not, in fact, applicable because on July 28, 2026, he appealed the IJ's removal order to the Board of Immigration Appeals ("BIA"); in that appeal, he argues that his appellate waiver before the IJ was not knowing and voluntary. ECF No. 10 at 3–4. In other words, Petitioner claims that his removal order was not final upon issuance as previously asserted by Respondents, because his appeal from that order is still pending. *See El Hor v. Barr*, No. 20-CV-6862 (CJS), 2021 WL 1429660, at *3 n.4 (W.D.N.Y. Apr. 15, 2021) ("Because Petitioner's case is on appeal to the BIA, his removal order is not final."). Petitioner's counsel has provided a copy of his electronic receipt showing that his appeal was submitted to the BIA on August

10, 2026.[3] ECF No. 14 at 4–5.

Based on this new representation, the Court directed Respondents to show cause as to why the TRO should not be converted into a preliminary injunction pending the resolution of Petitioner's appeal from the IJ's July 15, 2025 order of removal. *See* Dkt. Order dated Aug. 13, 2026. On August 17, 2026, Respondents filed a letter noting that "[t]o the extent that Petitioner has properly filed an appeal with the BIA, and is therefore subject to detention pursuant to 8 U.S.C. § 1226(a), Respondents acknowledge that the Court would not find this case distinguishable from *H.A.C.F. v. Francis*, . . . and would grant Petitioner's motion for preliminary injunction," reserving the right to appeal any decision based on the application of *H.A.C.F.* ECF No. 15 at 1.

Upon review of the record, the applicable law, and the parties' submissions, the Court finds that § 1231 is indeed inapplicable to Petitioner at this time. Under the governing regulations, "[a]n order of removal made by the immigration judge . . . shall become final . . . [u]pon waiver of appeal by the respondent." 8 C.F.R. § 1241.1(b). However, those same regulations also state that an order becomes final "[u]pon dismissal of an appeal by the Board of Immigration Appeals." *Id.* § 1241.1(a). Although Petitioner entered an appellate waiver before the IJ, he is now challenging the validity of that waiver through an appeal to the BIA. The Court joins its

[3] Petitioner first filed his appeal by mail on July 28, 2026, ECF No. 10 at 31–39, which was initially rejected by the BIA for improper filing, *see* ECF No. 13 at 3–4. However, Petitioner subsequently cured the defect by filing his appeal electronically within the allotted 30-day period for his appeal. *See* ECF No. 14 at 1–2.

colleagues in other circuits in holding that under such circumstances, § 1231 does not govern Petitioner's detention. *See, e.g.*, *Fuga v. Warden, California City Det. Facility*, No. 26-CV-00654, 2026 WL 1396685, at *3–4 (E.D. Cal. May 19, 2026) ("Therefore, despite Petitioner's waiver of his right to an appeal, Petitioner's removal order is not administratively final until the BIA determines that his waiver was valid . . . . All this leads the Court to conclude that Petitioner . . . is not subject to mandatory detention as the removal period has not yet begun."); *J.R.M. v. Blanche*, No. 26-CV-3122, 2026 WL 2330647, at *3 (D. Minn. July 17, 2026) ("The validity of the appeal waiver is a matter for the BIA to decide. Unless and until the BIA finds that Petitioner's appeal waiver was invalid and dismisses the appeal, the order of removal is not administratively final. Thus, the statutory basis for Petitioner's detention is not 8 U.S.C. § 1231." (citations omitted)), *report and recommendation adopted*, 2026 WL 2227793 (D. Minn. Aug. 3, 2026); *see also Alexander-Mendoza v. Att'y Gen.*, 55 F.4th 197, 205 (3d Cir. 2022) (holding that an appellate waiver "must be knowing, intelligent, and voluntary" to "strip[] the BIA of its appellate jurisdiction," and that once the BIA loses jurisdiction, "an Immigration Judge's order becomes final"); *Biwot v. Gonzales*, 403 F.3d 1094, 1098 (9th Cir. 2005) ("Although the BIA is certainly correct in a semantic sense, simply concluding that [the petitioner] 'waived' his appeal begs the question whether the waiver was valid.").

The Court further notes that in *Hechavarria v. Sessions*, 891 F.3d 49 (2d Cir. 2018), the Second Circuit held that where a noncitizen is subject to a final order of removal, but that order has been stayed by the Court of Appeals, the mandatory

detention period under § 1231 has not yet commenced. In so holding, the *Hechevarria* Court reasoned that "Section 1231 assumes that the immigrant's removal is both imminent and certain," and that the "removal period" under the provision "is dependent upon the assumption that no substantive impediments remain to the immigrant's removal." *Id.* at 55. Because Petitioner is challenging the validity of his removal order and is awaiting a final decision by the BIA, as well as any further potential appellate remedies, Petitioner's removal is far from "imminent and certain" at this time, and § 1231 does not apply.

Presently, then, Petitioner's detention is governed by § 1226(a), and remains so until the final resolution of Petitioner's appeal of his order of removal to the BIA and/or the Second Circuit. In light of the record, the applicable law, and Respondents' representation that this case is now controlled by this Court's reasoning in *H.A.C.F.*, the TRO is converted into a preliminary injunction. In so doing, the Court incorporates by reference and reaffirms its initial findings and analysis in its July 23, 2026 temporary restraining order. *See Lagua Rivera v. Blanche*, No. 26-CV-04420 (NRM), 2026 WL 2129865 (E.D.N.Y. July 23, 2026).

The preliminary injunction shall remain in place until further Order of this Court.

Accordingly, it is hereby:

**ORDERED**, that the **Temporary Restraining Order** is converted into a **Preliminary Injunction**.

Respondents are hereby **ENJOINED** from re-detaining Petitioner absent

prior authorization of this Court, and while the terms of this Order otherwise remain in effect.

Respondents shall continue to abide by all other terms of the **Temporary Restraining Order**, which remain unchanged while the **Preliminary Injunction** is in effect.

**SO ORDERED.**

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: August 18, 2026
Brooklyn, New York